[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before this court on defendant wife's motion for contempt alleging the defendant's failure to obtain releases of the third and fourth mortgages, which releases were ordered by the court on April 29, 1992.
After hearing, the court entered an order (August 14, 1995) that the parties submit briefs on the issue of the unpaid interest claimed by the present holder of the third and fourth mortgages.
There is no dispute that the defendant was ordered to obtain releases from the third and fourth mortgages and to hold the defendant harmless.
On May 23, 1994, the parties entered into a stipulation whereby the plaintiff represented that he paid to the trustee in bankruptcy sufficient funds to satisfy the payment of the third and fourth mortgages, and that he has no further obligation thereunder.
Subsequent to the execution of the stipulation, the defendant made claims on money held by the bankruptcy trustee which were designated to pay back taxes. This delayed the administration of the bankruptcy case and resulted in the claim of an additional $26,000 of interest on the third and fourth mortgages.
Whether the mortgages are in fact entitled to the money is a question to be decided in the pending foreclosure case of MundacaInvestment Corporation v. Susan B. Oppenheimer et al., (Danbury CT Page 1414-M Superior Court) Docket No. 31 94 04.
In this matter, however, the court finds that the plaintiff is not in contempt since there was no wilful violation of the court order. Further, he does not have any further obligation to the defendant relative to these mortgages since he was discharged in bankruptcy and the wife released him from further obligations by virtue of the stipulation dated May 23, 1994.
Mihalakos, J.